# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC.,
STATES OF WEST VIRGINIA, NORTH DAKOTA, *et al.*,

*Plaintiffs-Appellants,*

v.

MERRICK B. GARLAND, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of North Dakota
The Honorable District Court Judge Daniel L. Hovland
Case No. 1:23-cv-0024-DLH-CRH

## REPLY IN SUPPORT OF PLAINTIFFS-APPELLANTS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

PATRICK MORRISEY
Attorney General
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Principal Deputy Solicitor General
Office of the West Virginia Attorney
General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

Stephen J. Obermeier
Thomas M. Johnson, Jr.
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law
*Additional Counsel Listed On
Signature Page*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION ...................................................................................1

ARGUMENT ...........................................................................................2

    I.    Appellants Will Succeed On The Merits. ...........................................2

        A.    ATF Confirms The Rule Violates The Statutes.........................2

        B.    ATF Confirms The Rule Is Arbitrary. .......................................6

        C.    ATF Confirms The Adjudications Are Arbitrary. .....................9

    II.    Appellants Face Irreparable Harm. ....................................................9

    III.    The Equitable Factors Favor An Injunction.......................................11

CONCLUSION .......................................................................................12

CERTIFICATE OF COMPLIANCE......................................................21

CERTIFICATE OF SERVICE...............................................................22

Appellate Case: 23-3230    Page: 2    Date Filed: 10/27/2023 Entry ID: 5330595

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alabama Association of Realtors v. HHS*,
   141 S. Ct. 2485 (2021) ......................................................................12

*Bennett v. Spear*,
   520 U.S. 154 (1997) ..........................................................................9

*Biden v. Nebraska*,
   143 S. Ct. 2355 (2023) ......................................................................3

*Cargill v. Garland*,
   57 F.4th 447 (5th Cir. 2023) .............................................................6

*Citizens Telecommunications Company of Minnesota, LLC v. FCC*,
   901 F.3d 991 (8th Cir. 2018) ............................................................8

*Department of Commerce v. New York*,
   139 S. Ct. 2551 (2019) ....................................................................10

*DHS v. Regents of the University of California*,
   140 S. Ct. 1891 (2020) ......................................................................8

*Hardin v. ATF*,
   65 F.4th 895 (6th Cir. 2023) .............................................................6

*Innovator Enterprises, Inc. v. Jones*,
   28 F. Supp. 3d 14 (D.D.C. 2014) ......................................................7

*Maryland v. King*,
   567 U.S. 1301 (2012) ......................................................................11

*Mock v. Garland*,
   2023 WL 6457920 (N.D. Tex. Oct. 2, 2023)...............................10, 12

*Mock v. Garland*,
   75 F.4th 563 (5th Cir. 2023) .....................................................*passim*

iii

*Nebraska v. Biden*,
   52 F.4th 1044 (8th Cir. 2022) ....................................................................11, 12

*Oklahoma Department of Environmental Quality v. EPA*,
   740 F.3d 185 (D.C. Cir. 2014) ...................................................................10

*Polymer80, Inc. v. Garland*,
   2023 WL 3605430 (N.D. Tex. Mar. 19, 2023)...........................................10

*Posters 'N' Things, Ltd. v. United States*,
   511 U.S. 513 (1994).......................................................................................5

*R.J. Reynolds Vapor Co. v. FDA*,
   65 F.4th 182 (5th Cir. 2023) .......................................................................11

*Swain v. Junior*,
   958 F.3d 1081 (11th Cir. 2020) ..................................................................11

*Tripoli Rocketry Association, Inc. v. ATF*,
   437 F.3d 75 (D.C. Cir. 2006) ........................................................................7

*United States v. Fix*,
   4 F. App'x 324 (9th Cir. 2001) .....................................................................3

*United States v. Thompson/Center Arms Co.*,
   504 U.S. 505 (1992).......................................................................................3

*Village Of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
   455 U.S. 489 (1982)...................................................................................4, 5

*Yukutake v. Connors*,
   2021 WL 4342320 (D. Haw. Sept. 23, 2021)..............................................11

## Statutes

26 U.S.C. § 5845 ......................................................................................2, 3, 4, 5

## Regulatory Materials

Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88
   Fed. Reg. 6,478 (Jan. 31, 2023)............................................................*passim*

iv

## INTRODUCTION

This Court should be able to review ATF's 100-page Rule and the decade of precedent it attempts to change without the Government putting people in jail or shutting down businesses. ATF does not deny that since 2012 it has repeatedly assured the public that popular stabilizing brace models do not alter the classification of a pistol under the applicable statutes. Nor does it deny that under the pre-Rule status quo commercial Appellants were permitted to sell, and State and individual Appellants were permitted possess, guns that now are subject to enhanced regulations backed by criminal penalties. If the Rule remains in effect, ATF predicts States and individuals will be forced to destroy unregistered firearms (or become criminals) and brace manufacturers will go out of business.

The Court should stay that result pending appeal so that orderly judicial review can proceed under the pre-Rule status quo. Already, the Fifth Circuit has held the same Rule "violates the [Administrative Procedure Act]," *Mock v. Garland*, 75 F.4th 563, 578 (5th Cir. 2023), and issued the same injunction requested here for plaintiffs there. But if the district court's seventh-month delay causes the country's largest manufacturer of stabilizing braces to go belly up (as ATF predicts, R.Doc. 1-5 at 76-77), and if individuals and States destroy unregistered firearms (again, as

1

ATF predicts, R.Doc. 1-5 at 56), then future relief here will be meaningless. The Court should enjoin enforcement.[1]

**ARGUMENT**

## I. APPELLANTS WILL SUCCEED ON THE MERITS.

### A. ATF Confirms The Rule Violates The Statutes.

#### 1. *ATF Still Misinterprets "Firearm" And "Short-Barreled Rifle."*

Appellants showed how the Rule conflates 26 U.S.C. § 5845(a)(3) with (a)(4) and overlooks subsections (e) and (i), thereby interpreting "firearm" to conflict with the text, structure, history, and purpose of the statutes. Mot. Inj. Pending Appeal 5-7 ("Mot."). ATF disagrees, but confirms Appellants' point by treating subsection (a)(3) as the only "relevant" provision other than "rifle." Resp. Mot. Inj. Pending Appeal 7 ("Opp'n").

ATF acknowledges subsection (a)(4) addresses only "modified rifles." Opp'n 8. But ATF refuses to concede the structural implications of that point, insisting subsection (a)(3) also covers weapons "made" (i.e., "modified") from a pistol when, unlike subsection (a)(4), subsection (a)(3) omits the terms "made" and "modified" (and neither subsection speaks about "pistols"). ATF's attempt to rectify that omission by quoting from the separate definition of "rifle" (Opp'n 7) only underscores what the statute does not say about "firearm."

---

[1] The district court denied an injunction pending appeal. R.Doc. 99.

2

ATF cites *United States v. Thompson/Center Arms Co.*, 504 U.S. 505 (1992), but overlooks its holding. There, the Court affirmed reversal of an NFA conviction for "making" an unregistered "firearm." The Justices providing the necessary fourth and fifth votes observed the statutory distinction between manufacturing and modification, explaining that subsection (i) excludes from "make" "one [who is] qualified to engage in such business under" the NFA. *Id.* at 520 (Scalia, J., concurring) (quoting 26 U.S.C. § 5845(i)). Even the Rule agrees manufacturing and modification are different, thrice distinguishing "a firearm that was originally received as a 'short-barreled rifle'" from one received as a pistol. Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478, 6558, 6570-71 (Jan. 31, 2023); *see also United States v. Fix*, 4 F. App'x 324, 326 (9th Cir. 2001). Subsections (a)(3) and (a)(4) track the statutory distinction between manufacturing and modification, and the Rule's conflation of them violates Congress's decision to leave modified pistols unregulated.

Finally, ATF derides Appellants (Opp'n 8-9) for observing that the statutes Congress wrote are consistent with its purpose, overlooking that "[t]he fact that multiple grounds support a result is usually regarded as a strength, not a weakness." *Biden v. Nebraska*, 143 S. Ct. 2355, 2375 n.9 (2023). That ATF's decision to regulate lengthened short guns is the exact opposite of Congress's decision to regulate shortened long guns confirms ATF misread the statutes.

3

## 2. *ATF Still Misinterprets "Rifle."*

Appellants showed that the Rule also misinterprets "rifle," wrongly rejecting the Supreme Court's "principal use" limitation in "designed." Mot. 8-9. Now conceding that interpretation controls, ATF argues the Rule does not "consider[ ] it irrelevant whether a braced firearm will be principally used as a rifle" or as a braced pistol. Opp'n 9.

ATF is wrong. The Rule repeatedly states that "stabilizing support" for non-shoulder firing is "*not relevant* to determine whether a firearm is designed, made, and intended to be fired from the shoulder." 88 Fed. Reg. at 6510 (emphasis added). And it labels "incorrect" any inquiry "on whether a 'stabilizing brace' can be used" to support "non-shouldered fire." *Id.* at 6503.[2] By excluding *ex ante* all evidence that could show principal use as a stabilizing brace, the Rule misinterprets the statutes and preordains the conclusion.

Next, ATF says guns need not be "exclusively" designed for shoulder fire to constitute a "rifle." Opp'n 10. But Appellants did not erect that straw man, citing instead the Supreme Court's teaching that an item is "designed" for that which it is "principally used." *Vill. Of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 501 (1982). ATF accuses Appellants of urging an exclusive-use test but

---

[2] *See also id.* at 6514 (stabilizing support "not the correct inquiry"), 6532 ("[S]tabilizing support is not a relevant objective design feature and therefore is not incorporated into this rule."), 6557 (pistol-firing "irrelevant").

4

wrongly applies one itself, proposing that an unshoulderable "stabilizing brace with a spike on the end of it may pass muster." *Mock*, 75 F.4th at 575 n.26 (citing 88 Fed. Reg. at 6530).

ATF also defends (Opp'n 10) interpreting "intended" to wrongly "hold citizens criminally liable for the actions of others." *Id.* at 586. But third-party opinion is irrelevant to manufacturer intent. Mot. 10. As *Hoffman* explains, "the intent of the 'designer' (i.e. patent holder or manufacturer) … is absorbed into the [item's] physical attributes." 455 U.S. at 501 n.19. And *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513 (1994), agrees that when "multiple use items" are analyzed, what matters is "the likely use of customers generally," determined "objective[ly]" and not by the subjective intent of "particular customer[s]." *Id.* at 519-21 & n.11. Finally, the limits on "designed" and "intended" are not "inconsistent," Opp'n 10, because neither term allows analysis of third-party opinion.

### 3. *ATF Confirms Lenity Applies.*

ATF agrees that lenity applies if the statutes are sufficiently ambiguous. And ATF concedes ambiguity by asserting the Rule articulates its "best interpretation" of the statutes (after a decade of interpreting them differently). Opp'n 11. Nevertheless, ATF contends the ambiguity is not "grievous," arguing "[t]he Rule does not reflect an about face by the agency." *Ibid*.

5

That blinks reality. Before the Rule, ATF repeatedly approved in civil and criminal settings braces for unregistered use that were then purchased by millions of Americans. After the Rule, ATF says 99% of these braces must be registered—*including specific models it previously approved.* R.Doc. 66 at 10 n.4 (collecting examples); *see also Mock*, 75 F.4th at 575 (explaining flip on "SB-Mini accessory"). That is an "about face" by any standard. ATF's conspicuous silence about recent decisions holding similar reversals triggered lenity, *see Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc); *Hardin v. ATF*, 65 F.4th 895 (6th Cir. 2023), confirms lenity applies here.

### B. ATF Confirms The Rule Is Arbitrary.

#### 1. *ATF Confirms Its Factors Are Arbitrary.*

ATF contends multifactor tests are not "categorically unlawful," Opp'n 13, but does not deny that *this* "six-part test provides no meaningful clarity about what constitutes an impermissible stabilizing brace," *Mock*, 75 F.4th at 585. Even ATF cannot say what would constitute an NFA-exempt braced pistol. *See id.* at 575. Although some multifactor tests may aid reasoned decisionmaking, a test that cannot define lawful behavior—particularly when that is its express aim—is arbitrary. Mot. 13-15.

ATF defends its individual factors but does not deny that the Rule omits guidance about what it means for a gun's "weight," "length," and "length of pull" to

be "consistent with" a rifle. Opp'n 13. That "unbounded comparative analysis" is sufficient to find the Rule unlawful. *Tripoli Rocketry Ass'n, Inc. v. ATF*, 437 F.3d 75, 82 (D.C. Cir. 2006).

The Rule also fails to explain which of the 12,000 possible rifles it will deem relevant for this unbounded comparison. ATF argues it will compare pistols to their "variants." But "variant" just means a gun ATF deems "similar" to another. 88 Fed. Reg. at 6518 n.104. Because ATF does not explain how to determine which rifles are "similar," its factors are arbitrary.

### 2. *ATF Confirms Its Facile Comparisons Are Arbitrary.*

ATF agrees (Opp'n 14) the Rule checks whether the physical features of a braced pistol are "consistent with ... similarly designed rifles." 88 Fed. Reg. at 6514. But ATF ignores judicial rejection of an ATF standard that checked whether a "stabilizer brake" had "physical characteristics that are consistent with those of known firearm silencers." *Innovator Enters., Inc. v. Jones*, 28 F. Supp. 3d 14, 24-26 (D.D.C. 2014). This Rule commits the same error because it does not explain what the purportedly common features have to do with shouldering. And ATF's naked citation to 23 Federal Register pages without explanation sheds no additional light and confirms the Rule's methodology is arbitrary.

7

### 3. *ATF Confirms It Cherry-Picks Information.*

ATF does not deny that the Rule cites as probative pictures showing two individuals who misused stabilizing braces, while simultaneously deeming "irrelevant" record evidence documenting proper use. Mot. 17. Instead, ATF purports to justify reliance on so-called "community information" by claiming it will consider only examples of "widespread use." Opp'n 14. But that *post hoc* invention is not found in the Rule and is contradicted by it. ATF's self-authorized cherry-picking is arbitrary.

### 4. *ATF Confirms It Omitted Costs And Reliance Interests.*

ATF agrees it "did not quantify how many braces were sold between 2020 and 2022." Opp'n 15. The record shows at least 2.3 million. R.Doc. 1-10 ¶ 15. ATF's failure to consider "all" costs, *Citizens Telecomms. Co. of Minn., LLC v. FCC*, 901 F.3d 991, 1010-11 (8th Cir. 2018), and "reliance interests" of millions *DHS v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1913-15 (2020), is unlawful.

ATF says it cured its error by providing a high-end estimate of "7 million" braces. Opp'n 15. But that was one end of a range estimating braces sold "*between the years 2013 to 2020*." R.Doc. 1-5 at 18, 62 (emphasis added). Estimating a range does not cure ATF's omission of three years of brace sales from that range.

8

## C.     ATF Confirms The Adjudications Are Arbitrary.

ATF denigrates its adjudications as "slideshows" with "pictures," Opp'n 15-16, but they still "mark the consummation of the agency's decisionmaking process" and carry "legal consequences." *Bennett v. Spear*, 520 U.S. 154, 178 (1997); *accord Mock*, 75 F.4th at 574-75.   The adjudications state the guns "*are* short-barreled rifles" and "*are* subject to the provisions of the NFA."   R.Docs. 1-6 at 1, 1-7 at 1 (emphasis added).   And the Rule provides anyone owning them "will need to" "register" them because they "are short-barreled rifles."  88 Fed. Reg. at 6514.  That language is unequivocal.

ATF says it will "explain" later "its reasoning and analysis for each determination."  Opp'n 4 n.1 (emphasis added).  That concedes the "determination" is already made, and the APA does not permit ATF to decide first and explain later. The adjudications are arbitrary and confirm the Rule is arbitrary.

## II.     APPELLANTS FACE IRREPARABLE HARM.

ATF does not dispute SB Tactical's unrecoverable economic losses (and other harms).  Mot. 20-22.  ATF's suggestion that a 97% collapse in sales is "minimal" (Opp'n 17) beggars belief and contradicts its prediction that the Rule will shutter the company, R.Doc. 1-5 at 76-77.

Citing cases about standing, ATF claims SB Tactical's harm is traceable to its customers, not the Rule.   But causation arises from "the predictable effect of

9

Government action on the decisions of third parties." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019) (quotation omitted). That applies here, where unrebutted record evidence confirms the Rule "reduce[s] … use of firearms with attached 'stabilizing braces.'" 88 Fed. Reg. at 6481; R. Doc. 95-2 ¶¶ 5-6; *see also Mock v. Garland*, 2023 WL 6457920, at *13-*16 (N.D. Tex. Oct. 2, 2023) (brace manufacturer "easily" showed "irreparable harm").

ATF says SB Tactical inflicted its own injury by "cho[osing] not to manufacture [NFA-exempt] designs." Opp'n 18. But as the Fifth Circuit recognized, even ATF cannot provide "a single … example of a pistol with a stabilizing brace that would constitute an NFA-exempt braced pistol." *Mock*, 75 F.4th at 585, 575. SB Tactical cannot succeed where ATF failed. In any event, the mere "possibility of an alternative" course "does not render [an] injury self-inflicted." *Oklahoma Dep't of Env't Quality v. EPA*, 740 F.3d 185, 190 (D.C. Cir. 2014); *see also Polymer80, Inc. v. Garland*, 2023 WL 3605430, at *10 (N.D. Tex. Mar. 19, 2023). And ATF cannot assert that lost goodwill is "speculative," Opp'n 19, when both companies submitted declarations detailing harm the Rule inflicted, *see* R.Doc. 1-10 ¶¶ 35-37, 46; R.Doc. 1-11 ¶ 18.

ATF faults the States for not quantifying compliance costs. But no authority requires dollars-and-cents precision when the harms are conceded (as they are here). And "complying with a regulation later held invalid almost *always* produces

10

irreparable harm of nonrecoverable compliance costs." *R.J. Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 194 (5th Cir. 2023) (staying regulation pending appeal).

ATF conflates the States' *parens patriae* interests with their separate sovereign interests in effective law enforcement. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). The Rule's effect on the latter is irreparable. Forcing law enforcement to catalog or dispense with their braces—and depriving citizens of this important tool of self-defense—will leave States less safe and require States to divert resources to close that gap. *See Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020) (granting stay pending appeal where officials would lose "discretion" over how to "allocate scarce resources"); *Yukutake v. Connors*, 2021 WL 4342320, at *9 (D. Haw. Sept. 23, 2021) (granting stay where movant was "likely to suffer at least a minor degree of irreparable harm due to the strain on law enforcement resources").

## III. THE EQUITABLE FACTORS FAVOR AN INJUNCTION.

ATF says an injunction will harm public safety, despite a decade-long policy allowing unregistered braced pistols. In reality, an injunction will "preserve" the pre-Rule "status quo" "pending the outcome of the" appeal. *Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022); *see also* Mot. 22-23. Nor is ATF correct that the Rule serves an interest in "enforcement clarity," Opp'n 20, because it "provides no meaningful clarity," *Mock*, 75 F.4th at 585. And ATF has *no* legitimate interest in

11

unlawful enforcement. *Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2490 (2021). In all events, ATF says it has stopped some enforcement already "because ATF does not know" who is covered by existing injunctions. Opp'n 4 n.1. So, any legitimate interest is minimal.

An injunction would level the playing field. Commercial Appellants including SB Tactical, the country's largest stabilizing brace manufacturer, are subject to the Rule. Meanwhile, the Rule is enjoined as to Maxim Defense, "the second largest stabilizing brace manufacturer." *Mock*, 2023 WL 6457920, at *14. This creates hardship for commercial Appellants and undermines States' public safety. Given the breadth and geographic dispersal of Appellants' customers and officers, respectively, an injunction should extend nationwide, *Nebraska*, 52 F.4th at 1048, and, at minimum, must include commercial Appellants' "downstream customers," *Mock*, 2023 WL 6457920, at *18.

## CONCLUSION

The Court should enter an injunction.

12

October 27, 2023

Respectfully Submitted,

/s/ *Stephen J. Obermeier*
Stephen J. Obermeier
Thomas M. Johnson, Jr.
Michael D. Faucette
Jeremy J. Broggi
Boyd Garriott
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law
TMJohnson@wiley.law
MFaucette@wiley.law
JBroggi@wiley.law
BGarriott@wiley.law

Benjamin J. Sand (ND ID #07981)
CROWLEY FLECK PLLP
100 W Broadway Ave
Bismarck, ND 58501
Tel: 701.223.6585
Fax: 701.222.4853
bsand@crowleyfleck.com

*Counsel for Appellants FRAC, SB*
*Tactical, B&T, and Richard Cicero*

/s/ *Lindsay See*
PATRICK MORRISEY
Attorney General
LINDSAY SEE
Solicitor General
MICHAEL R. WILLIAMS
Principal Deputy Solicitor General

/s/ *Philip Axt*
DREW H. WRIGLEY
Attorney General
PHILIP AXT
Solicitor General

Office of the West Virginia Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for Appellant State of West Virginia*

North Dakota Attorney General's Office
500 North 9th Street
Bismarck, ND 58501
(701) 328-2210
pjaxt@nd.gov

*Counsel for Appellant State of North Dakota*

/s/ *Edmund G. LaCour Jr.*
STEVE MARSHALL
Attorney General
EDMUND G. LACOUR JR.
Solicitor General

Alabama Attorney General's Office
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for Appellant State of Alabama*

/s/ *Charles E. Brasington*
TREG TAYLOR
Attorney General
CHARLES E. BRASINGTON
Assistant Attorney General

Alaska Attorney General's Office
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
charles.brasington@alaska.gov

*Counsel for Appellant State of Alaska*

/s/ *Dylan L. Jacobs*
TIM GRIFFIN
Attorney General
NICHOLAS J. BRONNI
Solicitor General
DYLAN L. JACOBS
Deputy Solicitor General

/s/ *Natalie P. Christmas*
ASHLEY MOODY
Attorney General
NATALIE P. CHRISTMAS (Fla. Bar 1019180)
Counselor to the Attorney General

Florida Attorney General's Office

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
nicholas.bronni@arkansasag.gov
dylan.jacobs@arkansasag.gov

*Counsel for Appellant State of Arkansas*

The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for Appellant State of Florida*

/s/ Stephen J. Petrany
CHRISTOPHER M. CARR
Attorney General
STEPHEN J. PETRANY
Solicitor General

Georgia's Attorney General's Office
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Appellant State of Georgia*

/s/ Joshua N. Turner
RAÚL R. LABRADOR
Attorney General
THEODORE J. WOLD
Solicitor General
JOSHUA N. TURNER
Deputy Solicitor General

Idaho Attorney General's Office
P.O. Box 83720-0010
Boise, ID 83720-0010
(208) 334-2400
(208) 854-8071 (fax)
josh.turner@ag.idaho.gov

*Counsel for Appellant State of Idaho*

/s/ Betsy M. Denardi
THEODORE E. ROKITA
Attorney General
BETSY M. DENARDI
Director of Complex Litigation

Indiana Attorney General's Office
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204

/s/ Eric H. Wessan
BRENNA BIRD
Attorney General
ERIC H. WESSAN
Solicitor General

Iowa Attorney General's Office
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164

(317) 232-6231
Betsy.DeNardi@atg.in.gov

*Counsel for Appellant State of Indiana*


/s/ Jesse A. Burris
KRIS KOBACH
Attorney General
JESSE A. BURRIS
Assistant Attorney General

Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for Appellant State of Kansas*


/s/ Elizabeth B. Murrill
ELIZABETH B. MURRILL
Solicitor General
J. SCOTT ST. JOHN
Deputy Solicitor General
TRACY SHORT
Assistant Attorney General
MORGAN BRUNGARD
Assistant Solicitor General


Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for Appellant State of Iowa*


/s/ Aaron J. Silletto
DANIEL CAMERON
Attorney General
AARON J. SILLETTO
Assistant Attorney General

Kentucky Attorney General's Office
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov

*Counsel for Appellant Commonwealth of Kentucky*


/s/ Justin L. Matheny
LYNN FITCH
Attorney General
JUSTIN L. MATHENY
Deputy Solicitor General

Mississippi Attorney General's Office
550 High Street, Suite 1200
Jackson, MS 39201
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Appellant State of Mississippi*

shortt@ag.louisiana.gov
brungardm@ag.louisiana.gov

*Counsel for Appellant State of
Louisiana*


/s/ Jeff P. Johnson
ANDREW BAILEY
Attorney General
JOSHUA M. DIVINE
Solicitor General
JEFF P. JOHNSON
Deputy Solicitor General

Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
josh.divine@ago.mo.gov
jeff.johnson@ago.mo.gov

*Counsel for Appellant State of Missouri*


/s/ Eric J. Hamilton
MICHAEL T. HILGERS
Attorney General
ERIC J. HAMILTON
Solicitor General

Nebraska Attorney General's Office
2115 State Capitol
Lincoln, NE 68509
(402) 471-2683
Eric.Hamilton@nebraska.gov

/s/ Christian B. Corrigan
AUSTIN KNUDSEN
Attorney General
CHRISTIAN B. CORRIGAN
Solicitor General
PETER MARTIN TORSTENSEN, JR.
Assistant Solicitor General

Montana Attorney General's Office
215 N Sanders St
Helena, MT 59601
(406) 444-2707
Christian.Corrigan@mt.gov
Peter.Tortstensen@mt.gov

*Counsel for Appellant State of
Montana*


/s/ Brandon F. Chase
JOHN M. FORMELLA
Attorney General
BRANDON F. CHASE
Assistant Attorney General

New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650
Brandon.F.Chase@doj.nh.gov

*Counsel for Appellant State of Nebraska*

*Counsel for Appellant State of New Hampshire*

/s/ Garry M. Gaskins, II
GENTNER F. DRUMMOND
Attorney General
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation
AUDREY A. WEAVER
Assistant Solicitor General

Oklahoma Attorney General's Office
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
Garry.Gaskins@oag.ok.gov
Audrey.Weaver@oag.ok.gov

*Counsel for Appellant State of Oklahoma*

/s/ J. Emory Smith
ALAN WILSON
Attorney General
J. EMORY SMITH, JR.
Deputy Solicitor General

South Carolina Attorney General's Office
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677
Email:   ESmith@scag.gov

*Counsel for Appellant State of South Carolina*

/s/ Charles D. McGuigan
MARTY J. JACKLEY
Attorney General
CHARLES D. MCGUIGAN
Chief Deputy Attorney General

South Dakota Attorney General's Office
1302 E. Highway 4, Suite 1
Pierre, SD 57501
605-773-3215
Charles.Mcguigan@state.sd.us

/s/ Whitney D. Hermandorfer
JONATHAN SKRMETTI
Attorney General and Reporter
ANDRÉE S. BLUMSTEIN
Solicitor General
WHITNEY D. HERMANDORFER
Assistant Solicitor General

Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for Appellant State of South Dakota*

Whitney.Hermandorfer@ag.tn.gov

*Counsel for Appellant State of Tennessee*

/s/ Melissa Holyoak
SEAN REYES
Attorney General
MELISSA HOLYOAK
Solicitor General

Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

*Counsel for Appellant State of Utah*

/s/ Andrew N. Ferguson
JASON MIYARES
Attorney General
ANDREW N. FERGUSON
Solicitor General
KEVIN M. GALLAGHER
Deputy Solicitor General
M. JORDAN MINOT
Assistant Solicitor General

Virginia Attorney General's Office
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071
aferguson@oag.state.va.us
kgallagher@oag.state.va.us

*Counsel for Appellant Commonwealth of Virginia*

/s/ Ryan Schelhaas
BRIDGET HILL
Attorney General
RYAN SCHELHAAS
Chief Deputy Attorney General

Wyoming Attorney General's Office
Counsel for the State of Wyoming
109 State Capitol
Cheyenne, WY 82002

Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov


*Counsel for Appellant State of Wyoming*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 2,597 words as determined by the word-counting feature of Microsoft Word.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word in 14-point proportionally spaced Times New Roman font.

This motion complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses using Windows Defender and no virus was detected.

/s/ Stephen J. Obermeier
Stephen J. Obermeier

Appellate Case: 23-3230     Page: 25     Date Filed: 10/27/2023 Entry ID: 5330595

## CERTIFICATE OF SERVICE

I certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users.

/s/ Stephen J. Obermeier
Stephen J. Obermeier

Appellate Case: 23-3230    Page: 26    Date Filed: 10/27/2023 Entry ID: 5330595